**KONINKLIJKE PHILIPS N.V. and Philips Electronics North America Corporation, Plaintiffs,**

v.

**ZOLL MEDICAL CORPORATION, Defendant.**

**Civil Action Nos. 10-11041-NMG**

United States District Court, D. Massachusetts.

Signed 11/08/2016

David K. Mroz, Luke McCammon, Susan Y. Tull, Clara N. Jimenez, Robert F. Shaffer, Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, Washington, DC, Denise W. Defranco, Belmont, MA, Christopher S. Schultz, Rachel L. Emsley, Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, Boston, MA, for Plaintiffs.

Alan J. Heinrich, C. MacLain Wells, Christine Woodin, Christopher Vanderlaan, David I. Gindler, Morgan Chu, Talin Gordnia, Irell & Manella LLP, Los Angeles, CA, Christopher C. Campbell, Cooley, LLP, Reston, VA, David Craig McPhie, Rebecca L. Carson, Irell & Manella, Newport Beach, CA, James P. Brogan, Matthew J. Leary, Cooley LLP, Broomfield, CO, Sara Jane Shanahan, Thomas F. Maffei, Sherin and Lodgen LLP, Boston, MA, for Defendant.

## MEMORANDUM & ORDER

Gorton, United States District Judge

In this bifurcated patent infringement case defendant Zoll Medical Corporation ("Zoll") moves to postpone the trial on damages scheduled for July, 2017 because of the prolonged reexamination of the subject patents in the Patent and Trademark Office ("PTO"). Zoll also moves to set deadlines for plaintiffs Koninklijke Philips, N.V. and Philips Electronics North America Corporation (collectively, "Philips") to seek leave to file amended or new expert damage reports. For the reasons that follow, both motions will be denied.

## I. Background

This patent case involves external defibrillators. In June, 2010, Phillips filed suit against Zoll for infringement of its waveform patents (the '454, '905, '212 and '978 patents), self-test patents (the '460 and '374 patents) and CPR instructions patent (the '785 patent). Zoll denied infringement and counterclaimed for infringement of its electrode patent (the '526 patent) and defibrillator patent (the '187 patent). This Court bifurcated the liability and damages phases of the case.

In December, 2013, after a vigorously contested jury trial, the Court submitted the validity and infringement issues to the jury. With respect to Philips' patents, the jury did not address the validity of the '212 patent, which was not contested, but otherwise found that all of the contested claims in the '212, '454, '905 and '460 patents were valid and directly infringed by Zoll's products and that all of the disputed claims in Philips' '374 patent were valid and some were directly infringed.

With respect to the Zoll patents, the jury found that the disputed claims of the '187 and '526 patent were valid, all of the claims of the '187 patent were directly infringed and most of the disputed claims of the '526 patent were directly infringed.

This Court denied both parties' motions for judgment as a matter of law and both parties appealed.

In January, 2015, the Court granted Zoll's motion to continue the damages trial pending the appeal even though the parties had already exchanged damages expert reports. In July, 2016, the Federal Circuit Court of Appeals affirmed, in part, reversed, in part, vacated, in part, and remanded the case for a new liability trial on the contested claims in Zoll's '526 electrode patent. This Court lifted the stay and scheduled the damages trial to commence on July 24, 2017.

Early in 2015, Zoll requested the PTO to reexamine the validity of the claims based on the Philips' waveform '454, '905 and '212 patents. The PTO did so and issued final rejections of the claims with respect to the '454 and '212 patents. Philips has

now appealed those rejections to the Patent Trial and Appeal Board and, in September, 2016, Zoll again moved to stay the damages trial pending the completion of the reexamination. Zoll also moved to set deadlines for Philips to seek leave to file any amended or new damages expert reports. This memorandum addresses the pending motions.

## II. Motion to Stay

■ It is well established that [c]ourts have inherent power to manage their dockets and stay proceedings including the authority to order a stay pending conclusion of a PTO reexamination.

Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988) (citation omitted). While courts have the power to grant a stay if there is a pending reexamination, they are not required to do so. Viskase Corp. v. Am. Nat. Can Co., 261 F.3d 1316, 1328 (Fed. Cir. 2001). The decision to grant a stay lies within a court's discretion. Id. In evaluating whether a stay is appropriate, courts consider the following factors:

1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party;

2) whether a stay will simplify the issues [ ] and [the] trial of the case; and

3) whether discovery is complete and whether a trial date has been set.

Englishtown, Inc. v. Rosetta Stone Inc., 962 F.Supp.2d 355, 359 (D. Mass. 2013).

■ As for the first factor, it is undeniable that a stay would be to the tactical disadvantage of the non-moving party, Philips. The Federal Circuit Court of Appeals has determined that, if there are concurrent litigation and reexaminations with respect to the same patents and the patents are found invalid in the final reexamination proceeding, the invalidity decision controls the outcome in the ongoing litigation. Fresenius USA, Inc. v. Baxter Int'l, Inc., 721 F.3d 1330, 1339–41 (Fed. Cir. 2013). Moreover, even if the litigation proceedings have resulted in a judgment of liability, the final reexamination decision controls the outcome of undecided damages or remanded issues. Id. at 1341–42. Consequently, if the damages trial is stayed while the reexamination proceedings continue to completion, Philips may be unable to recover damages for claims on which a jury has found Zoll liable and as to which the Federal Circuit Court of Appeals has affirmed.

■ Second, although it is true that stays during pending reexaminations often have the potential to simplify a trial, Zoll's delay in seeking reexamination until after the completion of the liability trial has significantly diminished the possibility of simplifying this case. Cynosure, Inc. v. Cooltouch Inc., No. 08–cv–10026–NMG, 2009 WL 2462565, at *2 (D. Mass. Aug. 10, 2009). The sole remanded liability issue, Zoll's counterclaim based on its '526 electrode patent, would not be simplified by a stay because that patent is not being reexamined.

While a stay might result in some simplification of damages issues, it would have no impact on damages with respect to Philips' claims based on the '374 patent or Zoll's counterclaims based on the '187 patent because those patents are not currently being reexamined. Furthermore, damages can be decided on a patent-by-patent basis and, if a particular patent is later invalidated, damages can be reduced accordingly. In sum, Zoll's delay in requesting reexamination until after the liability trial has seriously limited any benefit that would result from a stay.

■ Third, the completion of 1) the liability trial, 2) the appeal of relevant issues and 3) some discovery with respect to the damages trial as well as the fact that a damages trial date has been set weigh against the request for a stay. Indeed, requests for a stay at this stage of litigation are "routinely denied." Cynosure, Inc., 2009 WL 2462565, at *2 (citing Ariad Pharm., Inc. v. Eli Lilly Co., No. 02–cv–11280–RWZ, 2005 WL 1342721, at *1 (D. Mass. June 6, 2005); Softview Computer Prods. Corp. v. Haworth, Inc., 56 U.S.P.Q.2d 1633, 1635–37 (S.D.N.Y. 2000)). For all of these reasons, the Court will deny Zoll's request for a stay.

### III. Motion to Set Deadlines for Plaintiff to Seek Leave to File New Or Amended Damages Expert Reports

■ Zoll moves to set deadlines for Philips to seek leave to file new or amended damages expert reports on the grounds that the 2014 deadlines for damages expert discovery have long since passed. Courts have broad discretion to oversee the discovery process. MAZ Partners LP v. Shear, No. CV 11–cv–11049–PBS, 208 F.Supp.3d 384, 386–87, 2016 WL 4925781, at *2 (D. Mass. Sept. 15, 2016) (citing Vineberg v. Bissonnette, 548 F.3d 50, 54 (1st Cir.2008)). A scheduling order may be amended if there is good cause and the court consents. Fed. R. Civ. P. 16(b)(4).

Here, Philips has satisfied the good cause prerequisite. Its damages theory may be modified to reflect the ruling of the Federal Circuit in this case and new case law that has evolved during the pendency of the appeal. The fact that Zoll's counsel worked extensively with Philips' damages expert on another case during the stay further buttresses Philips' showing of good cause. Finally, and perhaps most importantly, the reason that Philips' damages case is stale and updates are warranted is

that Zoll's first request for a stay was granted. Thus, Zoll's request that the Court set deadlines for plaintiffs to seek leave to file new or amended damages expert reports will be denied. Plaintiffs will be permitted to supplement their damages claims and submit revised expert reports and defendant will, of course, be permitted to revise its defense accordingly.

### IV. Updated Deadlines

The deadlines set at the status conference on August 18, 2016 are modified as follows:

12/15/2016 Expert reports on issues for which party bears burden of proof due

01/31/2017 Expert reports on issues for which party does not bear burden of proof due

02/28/2017 Expert discovery completed

03/15/2017 Daubert motions and motions for summary judgment due

03/31/2017 Oppositions to Daubert motions and motions for summary judgment due (replies only with leave of the Court)

06/08/2017 Motions in limine due

07/24/2017 Jury trial

### ORDER

In accordance with the foregoing, defendant's motions to stay (Docket No. 876) and to set deadlines (Docket No. 892) are **DENIED.**

**So ordered.**